# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY MARTEN,         )
        Plaintiff,     )     **Civil Action No. 14-245ERIE**
         )
    v.        )
         )
ROBERT A. WILLIG, et al,    )     **Magistrate Judge Baxter**
      Defendants.    )


## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]


### Relevant Procedural History

On September 18, 2014, Plaintiff, acting *pro se*, filed the instant civil rights action. As Defendants to this action, Plaintiff originally named: Robert Willig, an attorney with the Office of the Attorney General of the Commonwealth; Daniel Burns, Eric Tice, A.W. Repko, Bob Rumick, employees of the Department of Corrections, and the Pennsylvania Department of Corrections. Plaintiff alleged that Defendant Attorney Willig, acting on behalf of Burns, Tice and Repko, obtained Plaintiff's confidential medical records from Defendant Rumick for the purpose of defending litigation brought by Plaintiff (in *Marten v. Burns, et al,* Civil Action Number 13-266Erie). ECF No. 3. Plaintiff claims this release of his private medical information to Attorney Willig violates his due process rights to privacy under the Fourteenth Amendment.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

In response to the Original Complaint, Defendants filed a motion to dismiss. ECF No. 12. Thereafter, Plaintiff sought leave to amend his complaint, which was granted (ECF No. 20) and the motion to dismiss was dismissed as moot.

Plaintiff's Amended Complaint is the operative complaint in this action. ECF No. 22. Plaintiff names only Bob Rumick, the Medical Records Coordinator at SCI Forest, as a Defendant. Plaintiff summarizes his claim as follows:

> Defendant Rumick deprived Plaintiff of his due process right to privacy in violation of the Fourteenth Amendment to the United States Constitution where Defendant Rumick gained access to Plaintiff's confidential medical records, reproduced them, and then released them to an individual who was not a prison employee. Defendant Rumick did this without any legitimate penological interest, without a subpoena, and without Plaintiff's consent.

Id. at page 4. In response to the Amended Complaint, Defendants have filed a motion to dismiss. ECF No. 23. Plaintiff has filed an opposition brief. ECF No. 27. This matter is fully briefed and is ripe for disposition by this Court.

**Standards of Review**

**1)** ***Pro se* litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure

of tolerance.'"); <u>Smith v. U.S. District Court</u>, 956 F.2d 295 (D.C.Cir. 1992); <u>Freeman v.</u>

<u>Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules,

during the initial stages of litigation, a district court should construe all allegations in a complaint

in favor of the complainant.  <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. 1997), <u>overruled on other</u>

<u>grounds by Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001).  <u>See, e.g.</u>, <u>Nami v. Fauver</u>,

82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v.</u>

<u>Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se*

litigant, this Court will consider facts and make inferences where it is appropriate.


### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). A complaint

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570 (rejecting the traditional 12

(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). <u>See also Ashcroft v. Iqbal</u>,

556 U.S. 662 (2009) (specifically applying <u>Twombly</u> analysis beyond the context of the Sherman

Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the

facts as set forth in the complaint.  <u>See California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>,

394 F.3d 126, 143 (3d Cir. 2004) <u>citing Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906

(3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations.

<u>Twombly</u>, 550 U.S. at 555, <u>citing Papasan v. Allain</u>, 478 U.S.  265,  286 (1986). <u>See also</u>

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**Defendant's Motion to Dismiss**

4

Defendant Rumick moves to dismiss this action arguing that Plaintiff has failed to state a due process claim under the Fourteenth Amendment.

There are two main types of substantive privacy interests protected by the Due Process Clause of the Fourteenth Amendment, one of which "is the individual interest in avoiding disclosure of personal matters." Whalen v. Roe, 429 U.S. 589, 599 (1977). See also Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia, 812 F.2d 105, 113 (1987) ("Medical information ... is entitled to privacy protection against disclosure.").

The Third Circuit has held that the Fourteenth Amendment "protects an inmate's right to medical privacy, subject to legitimate penological interests." Doe v. Delie, 257 F.3d 309, 317, 323 (3d Cir. 2001) ("[A] prisoner's right to privacy in his medical information is not fundamentally inconsistent with incarceration. Therefore, we […] recognize[e] that the constitutional right to privacy in one's medical information exists in prison."). However, "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." Id. at 317.

Here, Plaintiff waived his right to confidentiality in his medical records by bringing a failure-to-protect claim alleging that he was physically injured during a stabbing.[2] See Caldwell

---

[2] In Marten v. Burns, the undersigned summarized Plaintiff's claims:

> Plaintiff claims that Defendants were deliberately indifferent to his health and safety in violation of his rights under the eighth amendment to the United States Constitution. In particular, Plaintiff alleges that, on May 15, 2013, he was physically assaulted and stabbed by an unidentified inmate during recreation period on the D-block concrete yard at SCI–Forest. Plaintiff alleges that the assault was undetected by prison guards and surveillance cameras because it occurred in one of several "architectural blind spots" that are present in SCI–Forest's four concrete yards. […] According to Plaintiff, the presence of architectural blind spots and the lack of adequate security procedures have resulted in "numerous assaults, stabbings, and other illegal activity in the concrete yards." Plaintiff claims that Defendants knew that the architectural blind spots in

v. Beard, 324 Fed. App'x 186, 188 (3d Cir. 2009) (holding that an inmate waived his right to confidentiality in his medical records when he filed a grievance alleging that he had been injured). Disclosure of Plaintiff's medical records by Defendant Rumick to Attorney Willig, the person responsible for defending the Department of Corrections Defendants in that action, was a direct byproduct of Plaintiff's lawsuit.

The motion to dismiss will be granted.[3]

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 8, 2015

---

the concrete yards exposed inmates to an excessive risk of physical injury, yet they failed to take action to abate the risk.
2015 WL 1431079 (W.D. Pa. Mar. 27, 2015).

[3] Plaintiff should not be permitted to further amend his complaint. The factual scenario upon which Plaintiff bases his due process claim does not provide any conceivable avenue of legal recourse. Accordingly, leave to amend is futile. See Federal Rule of Civil Procedure 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).